## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUTI CORP.<br>f/k/a Questron Technology, Inc., et al.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 02-10319 (PJW)<br><br>Jointly Administered |
| JOHN FORTE as Chapter 11 Trustee,<br>for the benefit of the Bankruptcy Estates of<br>QUTI Corp. f/k/a Questron Technology, Inc.,<br>*et al.*,<br><br>        Plaintiff,<br><br>v.<br><br>PHILLIPS INDUSTRIES<br><br>        Defendant. | Adv. Pr. No. |

### COMPLAINT FOR AVOIDANCE AND
### RECOVERY OF PREFERENTIAL TRANSFERS

John Forte as Chapter 11 Trustee (the "Plaintiff") for the benefit of the Bankruptcy Estates of QUTI Corp. f/k/a Questron Technology, Inc., *et al.*, the above captioned debtors (collectively, the "Debtors"), for its Complaint for Avoidance and Recovery of Preferential Transfers, alleges as follows:

---

[1]     The Debtors are QUTI Corp (f/k/a Questron Technology, Inc ), Questron Finance Corp , Questron Operating Company, Inc , Questron Distribution Logistics, Inc , Questnet Components, Inc , Comp-Ware, Inc , Integrated Materials Systems, Inc , Power Components, Inc , Power Too, Inc , California Fasteners, Inc , Fortune Industries, Inc , Fas-Tronics, Inc , Action Threaded Products, Inc , Action Threaded Products of Minnesota, Inc , Action Threaded Products of Georgia, Inc , Capital Fasteners, Inc , B&G Supply Company, Inc , and R S D Sales Company, Inc

## The Parties

1. On February 3, 2002 (the "Petition Date"), the Debtors in the above-captioned cases filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On August 23, 2002, the Office of the United States Trustee appointed John Forte as Trustee for the Debtors' estates under 11 U.S.C. § 1104.

2. Plaintiff is informed and believes that the above-named defendant was, at all times material or relevant hereto, a vendor, supplier or otherwise maintained a business relationship with one or more of the Debtors.

## Jurisdiction and Venue

3. The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and § 1334(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

5. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (O).

## General Allegations

7. One or more of the Debtors transferred its property to or for the benefit of the Defendant within the ninety (90) days prior to the Petition Date as set forth on Exhibit A, together with such other transfers that may be identified, which is attached hereto and specifically incorporated herein by reference (the "Transfers").

8. Prior to receiving such Transfers, Defendant provided goods and/or services to one or more of the Debtors and, after such goods or services were provided, the Debtor made the Transfers to pay the obligations created by the provision of such goods and services prior to such Transfers being made.

9. The Transfers were payments on antecedent debts owed by one or more of the Debtors to the Defendant as more specifically set forth in Exhibit B attached hereto and incorporated herein by reference.

### First Claim for Relief

### (Avoidance of Preferential Transfers- 11 U.S.C. § 547)

10. Plaintiff repeats and realleges the allegations in above paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. The Transfer to the Defendant was on account of antecedent debt owed by the Debtor to Defendant before the Transfer was made.

12. The Transfers were made while each of the Debtors was insolvent in that the value of their respective assets was exceeded by their respective debts and liabilities.

13. The Transfer to the Defendant enabled the Defendant to receive more than it would have received if each of the Debtor's bankruptcy cases was under Chapter 7, and the Transfers had not been made, and the Defendant had received payment on its debt solely to the extent provided by title 11 of the United States Code since general unsecured creditors in these bankruptcy cases will receive far less than 100% of their claims paid.

14. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfer is avoided.

### Second Claim for Relief

### (For Recovery of Property – 11 U.S.C. § 550)

15. Plaintiff repeats and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. As alleged above, Plaintiff is entitled to avoid each of the Transfers under 11 U.S.C. § 547.

17. As the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

WHEREFORE, Plaintiff prays for judgment as follows:

    (a)    For a determination that each of the Transfers is avoidable as a preferential transfer under 11 U.S.C. § 547, and that the Estate is entitled to recover the transfers under 11 U.S.C. § 550;

    (b)    For costs of suit incurred herein, including, without limitation, attorneys' fees and interest; and

    (c)    For such other and further relief as the Court may deem just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Edwin J. Harron (No. 3396)
Curtis J. Crowther (No. 3238)
Alfred Villoch, III (No. 4341)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Chapter 11 Trustee

Dated: January 30, 2004

# EXHIBIT "A"

Checks_Cleared_with_Register_in

| | | | | | |
|---|---|---|---|---|---|
| 69663 | PHILLIPS INDUSTRIES | 12/11/2001 | 3,977.83 | 12/18/2001 | 3,977.83 |
| 71971 | PHILLIPS INDUSTRIES | 1/23/2002 | 4,922.96 | 1/30/2002 | 4,922.96 |

Page 1

# EXHIBIT "B"

WP3:964199 2
WP3:968215 1

61207 1001
61207 1001

| Vendor | | Check Date - Cleared Date | Invoice Amount | Invoice Date / No. | |
|---|---|---|---|---|---|
| **PHIIND** | **PHILLIPS INDUSTRIES** | | | | |
| *Check No.* | 69663 | 12/11/2001 - 12/18/2001 | | | |
| | | | 1,428.72 | 9/12/2001 | 9863 |
| | | | 157.25 | 9/6/2001 | 9716 |
| | | | 282.61 | 9/12/2001 | 9864 |
| | | | 109.18 | 9/12/2001 | 9862 |
| | | | 586.95 | 9/11/2001 | 9841 |
| | | | 168.63 | 8/29/2001 | 9609 |
| | | | 126.14 | 8/27/2001 | 9581 |
| | | | 91.77 | 8/20/2001 | 9540 |
| | | | 121.00 | 8/20/2001 | 9538 |
| | | | 905.58 | 9/4/2001 | 9663 |
| | Check Total | | 3,977.83 | | |
| *Check No.* | 71971 | 1/23/2002 - 1/30/2002 | | | |
| | | | 274.20 | 12/5/2001 | 10851 |
| | | | 525.00 | 11/5/2001 | 10558 |
| | | | 1,428.72 | 12/6/2001 | 10870 |
| | | | 1,260.18 | 11/14/2001 | 10678 |
| | | | 156.86 | 11/7/2001 | 10588 |
| | | | 1,278.00 | 12/6/2001 | 10871 |
| | Check Total | | 4,922.96 | | |
| Vendor Total | | | $8,900.79 | | |